Lin v. Holder

BIA
Ferris, IJ
A078 299 087

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fifteen.

PRESENT:

> JON O. NEWMAN,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

XIANG ZUN LIN,
> *Petitioner,*

v.                                             11-1372
                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Xiang Zun Lin, pro se, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Jessica Segall, Christopher Buchanan, Trial Attorneys, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiang Zun Lin, a native and citizen of the People's Republic of China, seeks review of a March 11, 2011, decision of the BIA affirming the January 5, 2009, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Zun Lin*, No. A078 299 087 (BIA Mar. 11, 2011), *aff'g* No. A078 299 087 (Immig. Ct. N.Y. City Jan. 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case. Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

The agency did not err in concluding that, even if Lin was deemed to have demonstrated "other resistance" to the family planning policy, *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007), the property

2

destruction and fines to which he was subject did not amount to economic persecution.  Although an applicant "need not demonstrate a total deprivation of livelihood or a total withdrawal of all economic opportunity in order to demonstrate harm amounting to persecution," the harm must be "severe," such that it would "constitute a threat to an individual's life or freedom."  *Matter of T-Z-*, 24 I&N Dec. 163, 170-73 (BIA 2007); *see also Huo Qiang Chen v. Holder*, No. 13-2030-ag, 2014 WL 6844695, at *6 (2d Cir. Dec. 5, 2014)(economic sanction constitutes persecution if victim is deprived of "essentials of life" or if it deliberately imposes "a severe economic disadvantage"); Guan *Shan Liao v. U.S. Dep't of Justice*, 298 F.3d 61, 70 (2d Cir. 2002) (an applicant must present evidence of his financial situation to show "that he suffered a deliberate imposition of substantial economic disadvantage" (internal quotation and citation omitted)).

Lin presented no evidence that he suffered any ongoing harm as a result of the fines.  He paid off the fines levied against him in 1996 and again in 2000 by borrowing money from his relatives in China, and kept his job in China until he left in March 2001.  While he argued that at his rate of

3

pay in China, 400 renminbi a month, it would take him a long time to repay his relatives the 14,000 renminbi he owed them, he did not argue that any harm would befall him as a result of slow repayment.

Moreover, Lin presented no evidence to show that the Chinese government would fine or otherwise harm him when he returned to China.  His wife remains in China with their two children, and Lin did not assert that she had been fined or otherwise harmed in his absence.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).  Accordingly, because Lin did not show past persecution, and was unable to establish the objective likelihood of harm needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief.  *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk